Filed 6/18/26  P. v. Wang CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>XINLIANG WANG,<br><br>    Defendant and Appellant. | D085319<br><br><br><br>(Super. Ct. No. SCD301835) |

APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Xinliang Wang of child abuse (Pen. Code, § 273a, subd. (a); count 1), driving under the influence of alcohol (Veh. Code, § 23152(a); count 2), and driving while having a measurable blood alcohol (Veh. Code, § 23152(b); count 3) and found true a special allegation that a

passenger in Wang's car was a minor under the age of 14 at the time of the offense (Veh. Code, § 23572(a)).

Wang contends the prosecutor erred during closing arguments by referencing evidence outside the record regarding (1) the identity of the driver and (2) a witness's possible motive to lie. Because the prosecutor did not reference outside evidence but instead directed the jury to reasonable inferences drawable from the evidence presented, we find no error and affirm.

## I.

On February 5, 2023, after six or seven hours drinking and socializing, Wang left a restaurant around 1:00 a.m. with his girlfriend Huy Jiang and Jiang's five-year-old child.

On the way home, on a straightaway portion of the road, Wang's car hit an occupied parked car, pushing the parked car approximately eight to ten feet. Wang's car landed on the driver's side. The occupants of the parked car testified Wang was in the driver's seat and a woman was the passenger. Both occupants of the parked car filed lawsuits against Wang. One acknowledged the civil case would benefit if the driver of the other car was drunk when it hit their parked car.

When police arrived, Wang, Jiang, and the child were already outside their car. The officer who interviewed Wang testified that when he asked if Wang was driving, Wang said, "[Y]es." The body worn camera footage of their exchange was played for the jury.

Wang stipulated his blood alcohol level was 0.14 percent about an hour after the crash. The People's intoxication expert testified that driving is a divided attention task impaired by alcohol. Alcohol use can cause tunnel vision—focusing only on objects in front of you—leading to the potential for missing hazards in the periphery. According to the intoxication expert, a

2

person with a blood alcohol content of .10 may be unable to maintain their lane, judge speed, or react quickly to changing hazards.

Hong Chen, an owner of the restaurant at which Wang had been drinking before the car crash, testified in Wang's defense. Before leaving the restaurant, Chen helped Wang into the passenger seat of Wang's car and watched Jiang get behind the wheel and drive away. On cross-examination, Chen testified his restaurant had a liquor license that was renewed annually, and he wanted the restaurant to be able to sell alcohol to boost profits.

Wang also testified. After getting drunk, he did not remember getting into his car, and he dozed off once inside. He awoke on top of Jiang, who was wearing a seatbelt. Bystanders helped Jiang out of the car, and Wang got out last. He did not remember telling the officer he was driving, and he did not think he did. He denied driving his car and told the jury the police did not ask him who the driver was.

II.

Wang argues the prosecutor engaged in two instances of "misconduct" during closing arguments by introducing facts that were not in evidence. We consider whether there was any prosecutorial error because the term "misconduct" suggests an act with "'a culpable state of mind'" (*People v. Centeno* (2014) 60 Cal.4th 659, 666-667), and that is not alleged here.

It is prosecutorial error to go beyond the record. (*People v. Fayed* (2020) 9 Cal.5th 147, 204.) "Prosecutors have wide latitude to discuss and draw inferences from the evidence at trial." (*People v. Lucas* (1995) 12 Cal.4th 415, 473.) Argument is proper if it comments fairly on the evidence, including any reasonable inferences or deductions. (*People v. Ward* (2005) 36 Cal.4th 186, 215.)

3

## A.

The People contend Wang forfeited his claims of prosecutorial error because he did not object below. To preserve a prosecutorial error claim, the defendant "'must make a timely and specific objection and ask the trial court to admonish the jury to disregard the improper argument'" unless doing so would be futile. (*People v. Linton* (2013) 56 Cal.4th 1146, 1205.) Because objecting would have been futile, Wang contends forfeiture does not apply and asks us to reach the merits.

Before closing arguments, the trial court stated: "I am not a big fan of, 'Objection. Misstates the testimony or misstates the evidence.' That's not to suggest that I'm going to—if you feel the need to object, go ahead. But my response is going to be to tell the jury they're the judges of the facts, and they'll determine what the facts are. Okay. So rarely—unless it's something blatant—will I say I sustain an objection. I'll just refer it back to the jurors. So I just prefer you not use that objection. But, again, that's up to you."

Although the court did not prohibit counsel from objecting to misstatements of fact or evidence, its comments nonetheless sent the message the attorneys should not object on that basis. Under these circumstances, we conclude the issue was not forfeited, and we consider Wang's arguments on their merits.

## B.

### 1.

The prosecutor identified a key issue as whether Wang was the driver. She reminded the jury that the occupants of the parked car saw Wang in the driver's seat and that Wang told the police officer he was driving. The prosecutor also reviewed the intoxication expert's testimony that driving is a divided attention task and alcohol diminishes a person's ability to conduct

such tasks. She referenced the expert's testimony that intoxicated "people tend to get . . . tunnel vision." This mattered, the prosecutor explained, because Wang was driving on a straight road, with no turns or curves, when he hit a parked car.

Then the prosecutor argued: "[W]hen we have two opposing stories, one that a person is drunk and under the influence and one that a person is sober and both of those people are now claiming to have been the driver, members of the jury, you can use the circumstantial evidence of what happened in this collision. The fact that the collision happened at all to figure out who the driver was. Was this an action of a sober person? Absolutely not."

2.

Wang argues these statements are prosecutorial error because no one at the scene other than Wang claimed to be the driver, and the expert did not testify "that only an impaired driver would strike a car parked on a straightaway road." He also contends there was no evidence about the point at which the driver entered the straight portion of the road or the possible visual impact of a shopping center across the street from the parked car. Wang claims the prosecutor's argument was based on these missing facts. We disagree.

The prosecutor's argument did not rely on the evidence outside the record identified by Wang. Instead, it pointed to a permissible inference from the evidence presented. Wang stipulated he was under the influence of alcohol, and the intoxication expert testified that alcohol impairs divided attention tasks like driving. The accident occurred on a straight part of the road, where peripheral objects would be visible. From this evidence, a reasonable inference is that an intoxicated driver—Wang—was more likely to

5

hit a parked car than a sober one. Because the identity of the driver of Wang's car was the critical issue at trial, we see nothing improper here.

We find no prosecutorial error in this argument.

C.

Wang contends the prosecutor improperly asserted Chen had a motive to lie because he risked losing his liquor license for overserving Wang. Without testimony that Chen was aware of a law that made him liable for overserving a customer who was then involved in an accident, Wang argues it was improper to challenge Chen's credibility by discussing possible motives for lying.

We conclude the prosecutor's argument simply provided the jury with a reasonable inference that could be drawn from the evidence presented. The prosecutor compared the possible biases of witnesses who provided contradictory testimony about the driver's identity. She reminded the jury that Chen was a restaurant owner who had a liquor license that had to be renewed annually to ensure restaurant profits, all facts to which Chen testified. Then, the prosecutor explained the possible significance of those facts: "[Chen] had to renew it every year. Financially he had to renew it. His business had to renew it. He saw someone who was overserved. Who was overly intoxicated getting into a car and then now knows that there's a collision. What does that have to play into his restaurant business? Well, that opens him up to liability. For over[]serving someone who causes a collision."

We see no error in this approach, and Wang does not explain why this argument was unsupported by or could not be inferred from the evidence that was presented.

### III.

We affirm.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

BUCHANAN, J.